Filed 1/28/26  P. v. Gallo CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B336521 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. KA107767 & KA110980) |
| v. | |
| ANTHONY LUIS GALLO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Reversed with instructions.

James S. Donnelly-Saalfield, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Defendant Anthony Luis Gallo appeals from an order finding him ineligible for resentencing under Penal Code[1] section 1172.75.  We resolve this appeal by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1, and reverse with instructions that the trial court conduct further proceedings under section 1172.75.

In 2016, the trial court sentenced Gallo to 16 years imprisonment following a no contest plea to one count of criminal threats (§ 422, subd. (a)).  Gallo was on probation at the time of this offense; he had pleaded no contest in 2014 to a different section 422, subdivision (a) offense, for which the court had imposed a seven-year sentence, suspended execution of that sentence, and placed Gallo on probation.  The seven-year suspended sentence included four section 667.5, subdivision (b) (section 667.5(b)) enhancements based on Gallo having served prior prison terms.  As part of Gallo's 2016 sentencing, the court revoked probation in the 2014 case, imposed the seven-year sentence it had previously suspended, and ordered that seven-year sentence to run concurrently with the 16-year sentence imposed in the 2016 case.

In 2021, the Legislature enacted section 1172.75, which limits the circumstances when section 667.5(b) sentencing enhancements may be imposed.  (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282.)  Someone serving a sentence that includes a now-invalid section 667.5(b) enhancement is eligible for possible resentencing.  (See § 1172.75, subds. (c)-(d).)  The Department of Corrections and Rehabilitation identified Gallo as potentially eligible for relief, but in a December 14, 2023 order,

---

[1] Unspecified statutory references are to the Penal Code.

the court concluded that Gallo was ineligible for resentencing because "[t]he only way . . . for the repealed enhancement to have increased the length of the sentence is for that enhancement to have an imposed and executed meaning that the [section] 667.5[(b) enhancements], four of them, would have been added to the total sentence which did not happen here." Gallo timely appealed this order.

The Attorney General agrees with Gallo, as do we, that Gallo is eligible for a section 1172.75 resentencing in light of *People v. Rhodius* (2025) 17 Cal.5th 1050. At the time of the appealed-from order, appellate courts were split over the question of whether section 1172.75, subdivision (a) applied to a stayed prior prison term enhancement. (See, e.g., *People v. Bravo* (2025) 107 Cal.App.5th 1144, 1155 [collecting cases].) *Rhodius* resolved this split of authority, holding that "section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed." (*People v. Rhodius*, *supra*, at p. 1054.) Accordingly, Gallo is eligible for resentencing under section 1172.75.

## DISPOSITION

The order is reversed.  Following remand, the court shall conduct further proceedings consistent with section 1172.75, *People v. Rhodius*, *supra*, 17 Cal.5th 1050, and this opinion.

NOT TO BE PUBLISHED


                                                WEINGART, J.


We concur:



ROTHSCHILD, P. J.



BENDIX, J.


4